IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SINN, ) | No. C 08-1706 MMC (PR) |
| ) | |
| Petitioner, ) | (Docket Nos. 10 & 11) |
| ) | |
| v. ) | |
| ) | |
| B. CURRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |
| GARY SINN, ) | No. C 08-4579 MMC (PR) |
| ) | |
| Petitioner, ) | (Docket No. 12) |
| ) | |
| v. ) | |
| ) | **ORDER GRANTING MOTIONS TO** |
| B. CURRY, Warden, ) | **DISMISS PETITIONS AS MOOT** |
| ) | |
| Respondent. ) | |
| _____ ) | |

In 2008, petitioner, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF"), and proceeding pro se, filed the two above-titled petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging, respectively, the 2005 and 2007 denials of parole by the California Board of Parole Hearings ("Board"). Thereafter, in each action, respondent filed an answer to the petition and petitioner filed a traverse.

By order filed May 20, 2010, the Court directed the parties to file in both actions supplemental briefs setting forth their respective views as to the effect, if any, of the Ninth

Circuit's recent decision in Hayward v. Marshall, 603 F.3d 546 (9th. Cir. 2010) (en banc). Respondent and petitioner filed supplemental briefs in both actions.

Now pending before the Court are respondents' motions to dismiss each of the petitions as moot, on the ground petitioner has been paroled. Specifically, respondent has presented evidence that shows petitioner was paroled on October 7, 2010. (See Nos. C 08-1706 & C 08-4579, Mot. to Dismiss, Exs. 1 & 2.) Respondent served petitioner with both motions to dismiss at CTF, the most recent address provided by petitioner to the Court. (See Nos. C 08-1706 & C 08-4579, Mot. to Dismiss, Certificate of Service.) Petitioner, however, has not filed opposition to either motion, nor has he communicated with or provided an updated address to the Court following his release from prison.

Article III, § 2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. In order to satisfy the case-or-controversy requirement, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation and citation omitted). Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is released on parole. See Fendler v. United States Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988).

In each of his petitions, petitioner claims the Board violated his federal constitutional right to due process by denying him parole without sufficient evidence to support its decision that his release would pose an unreasonable risk to public safety. Because petitioner has now been released on parole and does not challenge his conviction, however, the petitions are subject to dismissal as moot. The possibility that petitioner's parole might be revoked and that he may again be subjected to the parole system does not present the kind of situation deemed "capable of repetition, yet evading review," such as to preclude a finding of mootness. Id. (internal quotation and citation omitted).

Additionally, the petitions are subject to dismissal on the basis of petitioner's failure to comply with the Court's orders, issued in each action, to timely inform the Court of any

2

change of address.  (See No. C 08-1706, Order to Show Cause at 3:12-15; No. C 08-4579, Order to Show Cause at 3:10-13.)  In particular, in both actions, petitioner last communicated with the Court more than four months ago, specifically, when he sent the Clerk a letter concerning the filing of his supplemental briefs, at which time he was still incarcerated.  (See Nos. C 08-1706 & C 08-4579, Letter, filed July 9, 2010.)

Accordingly, respondent's motions to dismiss the above-titled petitions as moot are hereby GRANTED, and the petitions are hereby DISMISSED, both as moot and by reason of petitioner's failure to comply with the Court's orders.

This order terminates Docket Nos. 10 and 11 in Case No. C 08-1706, and Docket No. 12 in Case No. C 08-4579 MMC.

The Clerk shall close the files.

IT IS SO ORDERED.

DATED: November 22, 2010

_____
MAXINE M. CHESNEY
United States District Judge